UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DANA LYNN BERGGREEN**　　　　　　　　　　**CIVIL ACTION NO: 07-467-DLD**

**VERSUS**

**SALLIE MAE, INC. AND EARL PETER**　　　**CONSENT CASE**
**FARRAGUT, JR.**

## ORDER

The Court has reviewed plaintiff's petition, defendant's notice of removal, and the parties' memoranda filed in response to the Court's March 26, 2008, *sua sponte* order, which required the parties to address the basis for the Court's diversity and federal question jurisdiction (rec. docs. 1, 26, 27, 28).

### Background

Plaintiff Dana Lynn Berggreen was married to defendant Earl Peter Farragut, Jr. from August 8, 1997, to September 19, 2001 (rec. doc. 1).  Before their marriage, plaintiff had one student loan, and her husband had a number of student loans. (rec. doc. 1, Exhibit B and C).  While plaintiff and defendant were married,  plaintiff filled out a Smart Loan Account processing form to consolidate the handling of the various student loans so that she and her husband could write a single check each month rather than multiple checks for the separate obligations. Id.  According to plaintiff, this application form  was the *only* document that she ever actually signed, and  all other documents reflecting her signature and forwarded to Sallie Mae on her behalf were signed by her husband.  Specifically, plaintiff denies signing the September 1, 1999, promissory note addendum, which increased the principal balance on the Smart Loan account by $5,857.58, and a June 25,

1999, letter to Sallie Mae (rec. doc. 1, Exhibits D and E).  Plaintiff further argues that although she signed the Smart Loan Account processing form (Exhibit C), she never intended to assume the separate obligations of her husband.

Plaintiff and defendant ultimately divorced on September 19, 2001, after which they agreed that plaintiff would not be responsible for the separate student loans of her former husband; therefore, they requested that Sallie Mae remove plaintiff's name from the consolidated loan documents (rec. doc. 1, Exhibit F).  Sallie Mae did not respond, and has refused to remove plaintiff's name from the consolidated loan documents.  Plaintiff also claims that she thereafter sent a number of letters and supporting documentation to Sallie Mae to prove that she did not sign the promissory note addendum or the June 25, 1999, consolidation letter to Sallie Mae.

As a result of Sallie Mae's continued efforts to collect all of the outstanding student loans from plaintiff, plaintiff filed a petition for declaratory judgment and writ of mandamus against Sallie Mae and her former husband in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, on June 5, 2007 (rec. doc. 1).  Plaintiff seeks a declaratory judgment that she is not a judgment debtor unto Sallie Mae for the separate student loan obligations of her former husband, and that those debts are the obligation of her husband, individually.  Plaintiff also seeks a writ of mandamus prohibiting Sallie Mae from providing any further information to any credit reporting bureau regarding plaintiff and requiring Sallie Mae to take certain steps to correct previous information provided to the credit bureaus. Plaintiff alleges that because Sallie Mae has reported to credit bureaus that she failed to timely pay her alleged obligations, she has suffered mental anguish and emotional distress, damage to her credit rating, and denial of credit cards. Plaintiff further alleges that Sallie Mae used unfair and deceptive acts by attempting to force her to pay on

a debt she does not owe, which was in violation of the Louisiana Unfair Trade Practices Act (LUTPA). Plaintiff's petition does not contain any allegations of fraud or wrongdoing directly against her husband.

Sallie Mae removed this matter to this Court on July 2, 2007, on the basis of both diversity and federal question jurisdiction. In support of diversity jurisdiction, defendant alleges in its removal that Farragut was improperly joined; therefore, his citizenship should not be considered for the basis of diversity. Defendant also alleges that the amount in controversy exceeds $75,000.

In support of federal question jurisdiction, defendant advances two arguments: (1) this case involves a "substantial issue of federal law," which invokes the Court's federal question jurisdiction; and (2) plaintiff's state law claims are completely preempted by the Higher Education Act of 1965 (HEA), 20 U.S.C. §1079, *et seq.*, the Federal Family Education Loan Program (FFELP), 20 U.S.C. §1078, and associated Guaranteed Student Loan regulations. Specifically, the HEA requires various collection efforts on the part of the lenders, and preempts any state law that would prohibit, restrict, or impose burdens on its collection efforts.

**Diversity Jurisdiction**

The first requirement under 28 U.S.C. §1332 is that the parties be of diverse citizenship. Plaintiff is domiciled in Louisiana; defendant Sallie Mae, Inc is a foreign corporation organized under the laws of Delaware, with its principal place of business in Virginia; and defendant Farragut is a resident of Louisiana (rec. docs. 1-3 and 32). Defendant removed this matter on the basis of diversity alleging that defendant Farragut was improperly joined and should not be considered for purposes of diversity jurisdiction (rec. doc. 1). In support of its improper joinder argument, defendant claims that plaintiff

cannot recover against Farragut because (1) she has not asserted a cause of action against Farragut; and (2) this matter has been pending for 10 months, and plaintiff has failed to perfect service on Farragut (rec. doc. 27).

Plaintiff states that she named Farragut as a defendant because she seeks a declaration from the Court that she is not indebted to Sallie Mae for her former husband's separate student loan debts.. Naming Farragut, she argues, gives him an opportunity to respond to her request for relief (rec. doc. 28). Plaintiff claims that she attempted service on Farragut at his last known address, but service was not perfected, and she reports no further efforts to make service on him. Id.

Improper joinder of a non-diverse party can be proven by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005), *citing Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc). Fraud in the pleadings is not an issue in this case. Rather, defendant seeks to prove improper joinder by proving that plaintiff cannot establish a cause of action against the non-diverse party in state court. The Court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id., citing Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc). In reviewing a claim for improper joinder, all factual allegations are evaluated in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. Id. at 309.

Defendant is correct that plaintiff's petition does not allege a cause of action directly against Farragut. At first glance, plaintiff's request for a declaration from the Court that "the separate student loan debts sought by Sallie Mae are owed by defendant, Earl Peter Farragut, Jr. solely," would appear to create a separate claim against Farragut. A second glance, however, shows otherwise. The debts at issue originally were the separate debts of Farragut, and as defendant explains, Farragut "is already indebted for the full amount of his federal student loan" (rec. doc. 27). Thus, even if the Court ultimately were to grant plaintiff's requested declaratory relief, Farragut would not be exposed to any greater liability than he assumed when he first executed his loans. As suggested by defendant, if plaintiff's request for declaratory relief were granted, and she were restored to her pre-consolidated loan status, Farragut would benefit. He would remain liable for his own loans, regardless, but he no longer would be liable for the student loan originated by his former wife.

Additionally, Farragut has never been served and has never appeared. Plaintiff filed her petition almost a year ago, and she has neither requested an extension under Fed. R. Civ. P. 4(m), nor expressed any intention to take further steps to locate Farragut in order to perfect service on him (rec. doc. 28). The failure to serve a defendant within 120 days will result in a dismissal under Rule 4; thus, plaintiff's inaction evidences an abandonment of any claim she would have had against Farragut.

Thus, not only does plaintiff not seek to recover against defendant Farragut or to obtain a declaratory judgment that would result in a recovery against him, but also she has failed to bring him into the lawsuit at all. Therefore, Farragut's citizenship will not be considered for purposes of diversity jurisdiction.

*Amount in Controversy -*

In order to establish diversity jurisdiction for removal purposes, defendant also must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999). The amount in controversy in this case is not apparent from the face of plaintiff's petition; therefore, defendant must make a showing "by setting forth facts in controversy – preferably in the removal petition, but sometimes by affidavit –  that support a finding of the requisite amount." Id.

Defendant alleges in its notice of removal that the "amount in controversy includes the underlying consolidated loan at issue, which is in excess of $50,000, and Dana Lynn Berggreen's claims for mental anguish damages and attorney fees" (rec. doc. 1). Defendant attached a loan disclosure statement to its memorandum in support of jurisdiction, which reflects the amount to pay off Farragut's pre-consolidated student loans as $51,614.04 (rec. doc. 27-2). It appears that Berggreen's student loans, which were satisfied by Sallie Mae once the consolidated loan was entered into, totaled just over $8,500.00 (rec. doc. 27). Defendant contends that this matter meets the jurisdictional minimum amount in controversy because plaintiff is claiming damages for intentional infliction of emotional distress, damages for violation of unfair collection activities, and an award of attorneys fees, which, when combined with the outstanding loan balance, easily will exceed $75,000 (rec. doc. 27).

Plaintiff does not dispute in her petition that she is responsible for her own student loans.  Rather, plaintiff seeks a declaration that she is not responsible for the separate student loans of Farragut, which total $51,614.04.  "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the

extent of the injury to be prevented." *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983). Thus, the actual amount in controversy is the amount in dispute for the loans is $51,614.04. Plaintiff also alleges in her petition that she suffered damage to her credit rating to the extent that she has applied for several credit cards which have been denied as a result of Sallie Mae's reporting of negative information to the credit bureaus. According to plaintiff's petition, she seeks recovery of actual damages, in addition to mental anguish damages, as a result of defendant's demand that she pay her husband's allegedly separate debts. Plaintiff also seeks attorneys fees, which are recoverable under the Louisiana Unfair Trade Practices Act (LUTPA). See La. R.S. 51:1409.

## Conclusion

Based on the allegations set forth in the plaintiff's petition and the supplemental information offered by defendant in support of jurisdiction, defendant has tipped the scales, however slightly, and has proven by a preponderance of the evidence that the jurisdictional minimum is met in this matter. And since defendant Farragut may be ignored and the remaining parties are of diverse citizenship, the requisites of diversity jurisdiction have been met pursuant to 28 U.S.C. §1332.

Because the Court has determined that it has diversity jurisdiction, it is unnecessary to address the issue of federal question jurisdiction.

Signed in Baton Rouge, Louisiana, on May 12, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**